**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALBERT DAVIS, | : | Hon. Peter G. Sheridan |
| Plaintiffs, | : | Civil No. 06-3592 (PGS) |
| v. | : | |
| NORTHERN STATE PRISON, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

    ALBERT DAVIS, Plaintiff *pro se*
    21 East Kansas Street
    Hackensack, New Jersey 07601

**SHERIDAN, District Judge**

    Plaintiff Albert Davis filed a paid Complaint for damages. Having thoroughly reviewed Plaintiff's allegations, the Court finds that the Complaint, as written, fails to state a federal claim upon which relief may be granted. The Court grants Plaintiff 30 days leave to file an amended complaint. If an amended complaint is not filed within 30 days, then without further notice, the Court will enter an order dismissing the Complaint in its entirety for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

**I. LEGAL STANDARD**

    A district court may on its own initiative enter an order dismissing a complaint pursuant to Rule 12(b)(6) for failure to

state a claim upon which relief may be granted, provided the standard is satisfied and the court gives plaintiff notice and opportunity to be heard. See Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990); Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980); Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir.1976).

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2nd ed. 1990)). At a minimum, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

## II. BACKGROUND

Plaintiff brings this action against Northern State Prison, Southern and Western Federal Penitentiary, Sentencing Commission, State Corrections of Newark, Bergen County, Sheriff Department, and the Bergen County Prosecutor. Plaintiff's assertions are set forth below in their entirety:

> **JURISDICTION**
> **A short plain statement of the grounds upon which the court's jurisdiction depends.**
>
> SHOOTING, THREATING, HARRESMENT AND STEALING FROM BANK, WHERE 4 POLICE STATIONS AND THE HOUSE OF REPRESENTATIVE WERE INVOLVED.
>
> **CAUSE OF ACTION**
> **Make a short plain statement setting forth the facts of your case.**
>
> HOSPITAL HALF BLIND SHOT AT HOLD SOME ILLEGALLY IN JAIL.

**DEMAND**
State briefly exactly what you want the court to do for you.

I WOULD LIKE TO SUE THE NORTH STATE PRISON AND YOUR BERGEN COUNTY SHERIFF FOR THE THREATS, SHOOTING, 8 YEARS ILLEGAL IMPRISONMENT, HOSPITAL, AND AIRPORT. I WOULD LIKE TO SUE FOR 8 BILLION TO 2 TRILLION DOLLARS.

(Compl.)

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or

4

>       causes to be subjected, any citizen of the
>       United States or other person within the
>       jurisdiction thereof to the deprivation of
>       any rights, privileges, or immunities secured
>       by the Constitution and laws, shall be liable
>       to the party injured in an action at law,
>       suit in equity, or other proper proceeding
>       for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

Here, Plaintiff's allegations do not show that he is entitled to relief. Nor do they "put the defendants on notice of the essential elements of the plaintiffs' cause of action." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). As written, the Complaint does not satisfy the requirements of Rule 8(a) because it does include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1]

---

[1] See Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967) (holding that prisoner's complaint was insufficient to state a claim where it did not state facts in support of broad conclusion that defendants inflicted cruel and unusual punishment); United States ex rel. Hoque v. Bolsinger, 311 F.2d 215 (3d Cir. 1962) (affirming dismissal where prisoner's allegations that "the defendants arbitrarily thwarted [his] efforts to obtain or protect his legal rights through the courts are rightly said by

5

However, the Court is mindful that a district court may not sua sponte dismiss a pro se paid complaint without either granting leave to amend or concluding that any amendment would be futile. See Roman, 904 F.2d 192 at 196; Bryson v. Brand Insulations, Inc., 621 F.2d at 559; Dougherty, 537 F.2d at 761; see also Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 116 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115. In this case, the Court will grant Plaintiff 30 days from the date of the entry of the Order accompanying this Opinion to file an amended complaint stating a cognizable claim.[2] If an amended complaint is not filed, then

---

the trial court to be 'conclusory in nature'"); Hunt v. United States Air Force, 848 F. Supp. 1190, 1194 (E.D. Pa. 1994) ("While courts are to construe pro se complaints liberally, this does not mean that courts must accept complaints which make conclusory allegations and are totally devoid of any facts."); Flesch v. Eastern Pennsylvania Psychiatric Institute, 434 F. Supp. 963, 972 (E.D. Pa. 1977) ("If the claim merely parrots the language of the Civil Rights Act or sets forth a theory of recovery with no factual allegations in its support, dismissal is proper.").

[2] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

the Court will dismiss the action upon the expiration of the 30-day period, without further notice.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff 30 days leave to file an amended complaint.  If no amended complaint is filed within 30 days of the date of the entry of the Order accompanying this Opinion, then the Court will enter an order dismissing the Complaint without further notice.

s/Peter G. Sheridan
_____
PETER G. SHERIDAN, U.S.D.J.

Dated: _August 17,_____, 2006

7